# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| GREGORY L. DASHIELL, JR., <br><br> Plaintiff, <br><br> v. <br><br> GC SERVICES LIMITED PARTNERSHIP, <br><br> Defendant. | Case No. 4:21-cv-03153 |

## FIRST AMENDED COMPLAINT

**NOW COMES** Plaintiff, GREGORY L. DASHIELL, JR., by and through his undersigned counsel, complaining of Defendant, GC SERVICES LIMITED PARTNERSHIP, as follows:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. GREGORY L. DASHIELL, JR. ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Raleigh, North Carolina.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. GC SERVICES LIMITED PARTNERSHIP ("Defendant") maintains a principal place of business at 6330 Gulfton Street, Houston, Texas 76010.

1

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

9. At some point in time, Plaintiff purchased a vehicle with financing through American Honda Finance Corporation ("subject debt").

10. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Plaintiff went online to schedule a payment on the subject debt.

12. Inadvertently, Plaintiff chose the feature to pay the full balance.

13. Plaintiff's payment bounced; however, several weeks later, Plaintiff received documentation stating that the subject debt was paid in full.

14. Plaintiff also received the title for the vehicle several weeks later.

15. In the interim, Plaintiff started receiving phone calls from Defendant.

16. Plaintiff advised Defendant that he did not owe the subject debt since he possessed the title for the vehicle and requested that Defendant stop calling.

17. Unfortunately, Defendant continued to place harassing collection calls to Plaintiff after he requested that the phone calls cease.

18. In total, Defendant placed at least 4 collection calls to Plaintiff after he requested that the phone calls case.

19. Additionally, on September 16, 2021, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

20. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

22. Specifically, Defendant's Letter stated "YOU OWE: American Honda Finance Corporation" but did not identify the **current creditor.**

23. Defendant's Letter confused Plaintiff as he was unable to determine if the original creditor, American Honda Finance Corporation, was also the current creditor.

24. In other words, just because American Honda Finance Corporation, may have been the original creditor does not necessarily mean that it is also the **current creditor.**

25. Further obfuscating the identity of the **current creditor**, Defendant's Letter requested that payment be mailed directly to Defendant, and not American Honda Finance Corporation.

26. Defendant's Letter also stated that Plaintiff could write to Defendant to find out if the original creditor was different from the current creditor.

27. This language raised the possibility that the subject debt could have been sold but did not clarify who actually owned the subject debt.

28. Accordingly, Defendant's Letter confused Plaintiff as he was unable to determine whether American Honda Finance Corporation, Defendant, or an unknown third party was the current creditor to whom the subject debt was owed.

29. Additionally, upon information and belief, Defendant's Letter was prepared and issued by a third-party vendor that Defendant hired for the sole purpose of preparing and issuing collection letters.

30. Specifically, Defendant's Letter was mailed from the following address: PO BOX 1280, Oaks, PA 19456.

31. Right under this PO BOX on the envelope, the phrase "ADDRESS SERVICE REQUESTED" was present and above the PO BOX, on the envelope, was a barcode.

32. Upon information and belief, the address belongs to the third-party vendor that prepared and mailed Defendant's Letter.

33. By hiring a third-party vendor to issue Defendant's Letter, Defendant unlawfully disclosed to the third-party that Plaintiff allegedly owed the subject debt.

34. Information regarding Plaintiff and the subject debt, including the fact that Plaintiff allegedly owed the subject debt, was disclosed.

35. Furthermore, the barcode belongs to Defendant and/or Defendant's third-party vendor, and with its placement on the outside of the envelope, it violated Plaintiff's privacy rights.

36. Privacy about one's financial affairs is considered of the upmost importance to people.

37. Upon information and belief, the third-party vendor then completed and populated information provided by Defendant into a template letter that was then delivered to Plaintiff (Defendant's Letter).

38. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to *any person* through any medium." (emphasis added).

39. Accordingly, the information sent from Defendant to the unknown third-party vendor was a "communication" as defined by the FDCPA.

40. Defendant's communication to the unknown third-party vendor was in connection with the collection of a debt since the information was sent in an effort to facilitate collection of the subject debt.

41. Plaintiff did not authorize Defendant to communicate with the third-party vendor regarding the subject debt.

42. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. § 1692c(b):

"Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

43. The third-party vendor used by Defendant to facilitate the collection of the subject debt does not fall within any of the exceptions prescribed by 15 U.S.C. § 1692c(b).

44. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information - is great.

45. Being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

46. The representation in Defendant's Letter that Plaintiff still owed the subject debt was confusing and misleading.

47. Accordingly, Plaintiff was deprived of his right to receive critical information required by the FDCPA.

48. Defendant's unlawful dissemination of highly personal information regarding Plaintiff's financial affairs invaded Plaintiff's privacy and violated the rights afforded to the Plaintiff by the FDCPA.

49. Upon information and belief, Defendant utilizes third-party vendors to prepare and issue collection letters in an effort to reduce overhead costs and increase profits.

50. Defendant's conscious decision to use third-party vendors demonstrates that it prioritizes its economic interests over the privacy rights afforded to consumers by the FDCPA.

51. Concerned with having had his rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

52. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692c

53. Defendant violated 15 U.S.C. § 1692c(b) by unlawfully disclosing that Plaintiff owed the subject debt to its third-party vendor.

54. As set forth above, Plaintiff's privacy rights were violated by Defendant's unlawful disclosure of information pertaining to the subject debt to a prohibited third party.

55. Section 1692c(a) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt-
>
> (1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. . .
>
> 15 U.S.C. § 1692c(a)(1).

56. Defendant violated 15 U.S.C. § 1692c(a)(1) by placing phone calls to Plaintiff's cell phone after Plaintiff informed Defendant that he did not owe the subject debt and requested that the phone calls cease.

57. Specifically, after Plaintiff requested that the phone calls cease, any time that Defendant called Plaintiff was an inconvenient time.

**Violations of FDCPA §1692d**

58. Pursuant to § 1692d of the FDCPA, a debt collector is prohibited from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

59. Section 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number." 15 U.S.C. §1692d(5).

60. Defendant violated §§ 1692d and d(5) when it placed numerous unwanted and unconsented-to collection calls to Plaintiff in an attempt to collect the subject debt after Plaintiff requested that the phone calls cease.

61. Defendant's behavior of systematically calling Plaintiff's cellular phone number in an attempt to collect the subject debt was harassing and abusive.

62. The fact that Defendant knowingly placed calls to Plaintiff after Plaintiff informed Defendant that he no longer owed the subject debt and made requests that the calls cease is illustrative of Defendant's intent to harass and annoy Plaintiff.

**Violations of 15 U.S.C. § 1692e**

63. Pursuant to §1692e of the FDCPA, a debt collector is prohibited from making "any false, deceptive, or misleading representation" in connection with the collection of a debt. 15 U.S.C. § 1692e.

64. Section 1692e(10) of the FDCPA prohibits a debt collector from "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

65. Defendant violated 15 U.S.C.§§1692e and e(10) when it attempted to collect the subject debt from Plaintiff after Plaintiff informed Defendant that he already possessed the title for the vehicle and therefore did not owe the subject debt.

**Violation(s) of 15 U.S.C. § 1692f**

66. Pursuant to § 1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect or attempt to collect any debt.".

67. Section § 1692f(8) of the FDCPA specifically prohibits a debt collector from:

> Using any language or symbol, other than the debt collector's address, on any envelope when communication with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

68. Defendant violated § 1692f by employing unfair and unconscionable means to attempt to collect on a debt by using the bar code on the subject envelope sent to Plaintiff.

69. The use of the barcode symbol violates 1692f(8) of the FDCPA as a matter of law because that section prohibits a debt collector from using any language other than the debt collector's address, on any envelope when communicating with a consumer.

**Violation(s) of 15 U.S.C. § 1692g**

70. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

    (1)    the amount of the debt;

(2) **the name of the creditor to whom the debt is owed**;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

71. Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

72. Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

73. Specifically, Defendant violated §1692g(a)(2) by failing to identify the **current creditor** to whom the debt is owed.

74. As set forth above, Defendant's Letter confused Plaintiff as he was unable to determine whether American Honda Finance Corporation, Defendant, or an unknown third party was the current creditor to whom the subject debt was owed.

75. The confusing and misleading nature of Defendant's Letter made Plaintiff anxious as he was concerned Defendant would report the account as delinquent to the credit agencies and thus Defendant's omissions and misrepresentations were material.

76. Assuming that American Honda Finance Corporation is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.*, 948 F.3d 761, 765 (7th Cir. 2020).

77. Plaintiff may enforce the provisions of §15 U.S.C. g(a)(2) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff, GREGORY L. DASHIELL, JR., requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § § 1692c(b), f(8) and g(a)(2);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of attorney's fees and costs; and

E. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 28, 2021

Respectfully submitted,

**GREGORY L. DASHIELL, JR.**

By: */s/ Jennifer Ann McLaughlin*

Jennifer Ann McLaughlin, Esq.
Victor T. Metroff, Esq.
Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8181
jmclaughlin@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com