UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Gregory L. Dashiell,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:21-cv-03153 |
| | § | |
| **GC Services Limited Partnership,** | § | |
| Defendant. | § | |

## JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f)
### FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

**Date of Conference:** March 22, 2022

**For Plaintiff: Marwan R. Daher**

**For Defendant: Leah T. Rudnicki**

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

**None.**

3. Briefly describe what this case is about.

**Plaintiff:** This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"). Plaintiff purchased a vehicle with financing through American Honda Finance Corporation ("subject debt"). Plaintiff went online to schedule a payment on the subject debt. Inadvertently, Plaintiff chose the feature to pay the full balance. Plaintiff's payment bounced; however, several weeks later, Plaintiff received documentation stating that the subject debt was paid in full. Plaintiff also received the title for the vehicle several weeks later. Plaintiff started

receiving phone calls from Defendant. Plaintiff advised Defendant that he did not owe the subject debt since he possessed the title for the vehicle and requested that Defendant stop calling. Defendant continued to place harassing collection calls to Plaintiff after he requested that the phone calls cease.

**Defendant:**

GC Services, Limited Partnership ("GC Services") denies the allegations that it violated the FDCPA. GC Services specifically denies that it ever made direct contact with Plaintiff. GC Services denies that Plaintiff ever requested calls cease.

4. Specify the allegation of federal jurisdiction.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

5. Name the parties who disagree and the reasons.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

**None at this time.**

7. List anticipated interventions.

**None.**

8. Describe class-action issues.

**None.**

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

**Initial disclosures required by Rule 26(a) will be made on or before April 20, 2022.**

10. Describe the proposed agreed discovery plan, including:

A. Responses to all the matters raised in Rule 26(f).

**April 13, 2022.**

B. When and to whom the plaintiff anticipates it may send interrogatories.

**Plaintiff anticipates that it will send interrogatories to Defendant on or before May 4, 2022.**

C. When and to whom the defendant anticipates it may send interrogatories.

**Defendant anticipates that it will send interrogatories to Plaintiff on or before May 15, 2022.**

D. Of whom and by when the plaintiff anticipates taking oral depositions.

**Plaintiff anticipates that it will take Defendant's Rule 30(b)(6) oral deposition on or before August 31, 2022.**

E. Of whom and by when the defendant anticipates taking oral depositions.

**Defendant anticipates that it will take Plaintiff's deposition on or before August 1, 2022.**

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.

**On or before September 1, 2022, Defendant will be able to designate experts and provide the reports required by 26(a)(2)(B).**

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**On or before August 26, 2022, Plaintiff will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).**

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

**Defendant intends on taking the deposition of any experts disclosed by Plaintiff. Defendant anticipates these can be accomplished on or before September 15, 2022.**

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

**N/A**

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

**The parties have exchanged informal discovery.**

13. State the date the planned discovery can reasonably be completed.

 **October 6, 2022.**

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

**The parties will work amicably towards settlement discussions.**

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

**Defendant GC Services has provided Plaintiff with documents pertaining to the account at issue in an attempt to resolve this case.**

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

**Settlement Conference with assigned Magistrate at or near discovery deadline.**

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

**The parties do not unanimously agree to a trial before a magistrate judge.**

18. State whether a jury demand has been made and if it was made on time.

**A jury demand has been made by Plaintiff. Said jury demand was made on time.**

19. Specify the number of hours it will take to present the evidence in this case.

**It will take approximately eight (8) hours to present the evidence in this case.**

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

**None as of this filing. However, Defendant will be filing a Motion for Summary Judgment on or before April 1, 2022.**

21. List other motions pending.

**None.**

22. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.

**None.**

23. List the names, bar numbers, addresses and telephone numbers of all counsel.

    **For Plaintiff:**

    Mohammed O. Badwan (Illinois Bar No. 6299011)
    Victor T. Metroff (Illinois Bar No. 6331442)
    Marwan R. Daher (Illinois Bar No. 6325465)
    SULAIMAN LAW GROUP, LTD.
    2500 South Highland Avenue
    Suite 200
    Lombard, IL 60148
    +1 630-575-8181
    mbadwan@sulaimanlaw.com
    vmetroff@sulaimanlaw.com
    mdaher@sulaimanlaw.com

**For Defendant:**

Leah T. Rudnicki
State Bar No.: 24033387
Margaret J. Meier
State Bar No.: 24104948
Federal Bar No.: 3372615
THE RUDNICKI FIRM
7201 North Classen Boulevard, Suite 204
Oklahoma City, Oklahoma 73116
Telephone: (405) 445-7422
Facsimile: (405) 445-7421
Email: caroline@rudnickifirm.com
Email: margie@rudnickifirm.com


Dated: March 22, 2022

/s/ *Marwan R. Daher*
Marwan R. Daher, Esq.
Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Lombard, IL 60148
Phone: (630) 575-8181
mdaher@sulaimanlaw.com
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com
*Counsel for Plaintiff Gregory L. Dashiell, Jr.*

*s/*
Margaret J. Meier
State Bar No.: 24104948
Leah T. Rudnicki
State Bar No. 24033387
**THE RUDNICKI FIRM**
6305 Waterford Blvd., Ste. 325
Oklahoma City, Oklahoma 73118
Telephone: (405) 445-7422
Facsimile: (405) 445-7421
Email: margie@rudnickifirm.com
Email: leah@rudnickifirm.com
*Counsel for Defendant GC SERVICES LIMITED PARTNERSHIP.*